[No. 13964.   Department Two.   June 20, 1917.]

THE CITY OF HOQUIAM, *Respondent*, v. ERIC F. MOE *et al.*,
*Appellants.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS — ASSESSMENTS — BENE-
FITS—EVIDENCE—SUFFICIENCY.   An assessment for benefits from the
condemnation of an alley is not shown to have been excessive, or
upon a fundamentally wrong basis because the commissioners con-
sidered the benefits to an adjoining lot used in connection with the
lot assessed, where there was no evidence or inference that any
benefit to such adjoining lot was considered, and the assessment
objected to was less than the amount assessed to other property
similarly situated.

Appeal from an order of the superior court for Grays
Harbor county, French, J., entered May 8, 1916, confirming
an assessment roll made by eminent domain commissioners.
Affirmed.

*William E. Campbell*, for appellants.
*Sidney Moor Heath*, for respondent.

HOLCOMB, J.—Appellants seek to reverse an order of the
superior court confirming the assessment roll made by a
board of eminent domain commissioners, assessing the cost
of a public improvement levied upon a public improvement
district in the city of Hoquiam for opening an alley through
block 49, in the city of Hoquiam.  A plat of the block, show-
ing the location of the alley in the block, the assessment dis-
trict, and the amount of the assessment placed upon each lot
in the district, is herewith shown:

[1]Reported in 165 Pac. 1055.

The appellants are the owners of the northwesterly one
hundred feet of lot 3 in the block, shown on the plat as shaded

in order to distinguish it from the other lots. It will be seen that lots 1, 4, and 12 of the block are omitted from the improvement district. This improvement was ordered in 1912, by an ordinance of the city which established an alley ten feet in width in L-shape through this block, provided for the condemnation of the necessary ground, and established the assessment district to pay the cost of the alley upon the property in the block benefited thereby, and also provided that the city should not be liable for any of the costs.

Condemnation proceedings were had and, after a trial by jury, a verdict was rendered for the damage to each lot, and appellants were awarded $485 for the land taken from their lots. The jury found no damages to the remaining land owned by them. Judgment was entered upon this verdict, and it was provided that the owners of the abutting lots 2 and 3 might, when the alley was constructed, arcade the alley fifty feet back from the street and twelve feet in height above the surface of the alley. This provision was not made obligatory, but optional to the owners.

Appellants objected to the confirmation of the assessment roll returned by the eminent domain commissioners upon the grounds, and they now contend, that: (1) The eminent domain commissioners, in making the assessment upon appellants' lot, acted arbitrarily, fraudulently, and on a fundamentally wrong basis; (2) that the assessment is in excess of the benefits and inequitable; (3) that the board of eminent domain commissioners considered lot 4 benefited, which was not included in the assessment district, and added the benefit which they believed lot 4 received from the alley to lot 3 belonging to appellants, which was included in the improvement district.

The principal argument of appellants is made upon the supposition that the eminent domain commissioners considered some supposed benefits to lot 4, which is also owned by appellants, as accruing to them from the establishment of the alley, in assessing the benefits upon lot 3 which abuts

upon the alley. If this were true, then the assessment was
made upon a fundamentally wrong basis. It is shown that
the appellants used their property transversely to the man-
ner in which it is platted, and that they sold a portion of
both lots 3 and 4, being the southeasterly fifty feet of both
lots fronting on the street and on the newly established alley,
in that manner; but there is not a word of testimony that the
eminent domain commissioners, in assessing the benefits that
would accrue to lot 3, considered any benefits that might ac-
crue secondarily to lot 4 belonging to appellants.

The only evidence there is upon that subject is the assess-
ment roll of the commissioners and their oath attached there-
to, wherein they say that "the property described in the roll
is so assessed that each piece of property shall bear its rela-
tive equitable proportion of the full amount of the cost and
expense of the improvement herein contemplated, and the as-
sessment set forth apportions and assesses the amounts there-
in which are found to be a benefit to the property upon the
several lots, tracts and parcels of land in the proportion in
which they will be severally benefited by such improvement."
This conforms strictly to the statute relating to such special
assessments and, if actually so assessed, the assessments can-
not be disturbed.

Appellants (the husbands) and two other witnesses testify
concerning the assessment, and none of them testify that the
commissioners, in assessing the benefits to lot 3, took into
consideration the supposed benefits to lot 4, nor does any other
witness; and none of these witnesses testify that, in formu-
lating their own opinions as to the amount of benefits accru-
ing or not accruing to lot 3, they took into consideration the
amount that the other lots in the district would be benefited,
or attempted in any way to compute the just assessments over
the whole of the district according to the benefits received. In
brief, their testimony is merely opinionative and not so well
informed and considered as to be convincing.

It will be observed that appellants' lot, with a frontage of

one hundred feet upon the alley, is assessed at $785, and the same amount of land owned by three parties on the other side of the alley was assessed $966.04, which tends to show that the commissioners in assessing the benefits were attempting in good faith to assess them with due regard to the benefits actually conferred, and tends to disprove that the property of appellants was assessed in excess of the benefits and inequitably, and that the board considered any supposed benefits to lot 4 in assessing appellants' lot 3, or proceeded upon a fundamentally wrong basis.

There is no just inference that can be derived from the testimony in the record which sustains the contentions of the appellants. Judgment affirmed.

ELLIS, C. J., MOUNT, and PARKER, JJ., concur.